[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11383

Non-Argument Calendar

_____

B-SMITH ENTERPRISES, LP,
a Nevada limited partnership,

                                        Plaintiff-Appellant

*versus*

BANK OF AMERICA, N.A.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cv-80674-DMM

_____

Before NEWSOM, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

B-Smith Enterprises, LP ("Plaintiff") appeals the district court's dismissal -- for failure to state a claim under Fed. R. Civ. P. 12(b)(6) -- of Plaintiff's civil action against Bank of America, N.A. ("BANA"). In the pertinent complaint, Plaintiff asserted against BANA claims under Florida law for negligence and for aiding and abetting a breach of fiduciary duty. No reversible error has been shown; we affirm.

Briefly stated, this appeal arises from the misappropriation of funds by Plaintiff's former lawyer, Craig Sherman.[1] Plaintiff says Sherman maintained three kinds of accounts with BANA: (1) a fiduciary trust account governed by the Florida Bar's Rules Regulating Trust Accounts ("Trust Account"); (2) two operating accounts in the name of Sherman's law firm, Sherman & Sherman, P.A. ("Operating Account"); and (3) personal checking and savings accounts held jointly by Sherman and his wife ("Personal Account").

In reliance on Sherman's fraudulent misrepresentations, Plaintiff deposited over $4 million into the Trust Account. Plaintiff alleged that, between 2016 and 2019, Sherman initiated -- and

_____

[1] In a separate state-court lawsuit, Plaintiff obtained a consent final judgment against Sherman and Sherman's law firm in the amount of $4,175,000.

BANA processed -- transfers of over $3 million from the Trust Account into the firm's Operating Account and into Sherman's Personal Account. Plaintiff said most of these transfers were "for whole dollar amounts" in excess of $10,000: transfers Plaintiff characterized as "nonroutine banking transactions" that were inconsistent with unspecified "generally accepted banking practices." As relief, Plaintiff sought compensatory and punitive damages from the bank.

The district court granted BANA's motion to dismiss Plaintiff's amended complaint for failure to state a claim. The district court determined that Plaintiff failed to allege facts sufficient to show plausibly that BANA had actual knowledge of Sherman's breach of fiduciary duty. Because actual knowledge was necessary to state a claim for aiding-and-abetting and for negligence, the district court concluded that Plaintiff's amended complaint was subject to dismissal under Rule 12(b)(6). This appeal followed.[2]

"We review *de novo* a district court's dismissal under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).

---

[2] The district court also later denied Plaintiff's motion for reconsideration of the district court's order of dismissal. Plaintiff raises no substantive challenge to denial of reconsideration; that ruling is not before us on appeal.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). To state a plausible claim for relief, a plaintiff must go beyond pleading merely the "sheer possibility" of unlawful activity by a defendant and must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678.

To state a claim under Florida law for aiding and abetting the breach of fiduciary duty, a plaintiff must allege facts sufficient to establish these elements: "(1) a fiduciary duty on the part of a primary wrongdoer; (2) a breach of that fiduciary duty; (3) knowledge of the breach by the alleged aider and abettor; and (4) the aider and abettor's substantial assistance or encouragement of the wrongdoing." *See Fonseca v. Taverna Imps., Inc.*, 212 So. 3d 431, 442 (Fla. Ct. App. 2017). For purposes of this appeal, we focus only on the "knowledge" element.

In the context of an aiding-and-abetting claim asserted against a bank, the "knowledge" element requires a showing that

22-11383                Opinion of the Court                5

the bank had actual knowledge of the alleged wrongdoing.  *See Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 950 (11th Cir. 2014). Allegations that a bank "should have known" of the alleged breach of fiduciary duty or "that a bank disregarded 'red flags' such as 'atypical activities' on a customer's account [are] insufficient to establish knowledge." *Id.*

At this stage of the proceedings, we accept Plaintiff's allegation that -- given the Trust Account's designation as a fiduciary trust account governed by the Florida Bar's Rules -- BANA knew that Sherman was a lawyer and knew that Sherman owed a fiduciary duty to safeguard the funds in the Trust Account.  Plaintiff, however, has alleged no facts demonstrating plausibly that BANA had actual knowledge that Sherman was breaching that fiduciary duty.

That Sherman transferred funds from the Trust Account into the firm's Operating Account and into his Personal Account -- by itself -- demonstrates no *per se* wrongdoing.  To the contrary, Florida's Bar Rules contemplate expressly that a lawyer may pay fees and costs out of a client trust account.  *See Rules Regulating The Florida Bar*, Rules 5-1.1(b) ("Money or other property entrusted to a lawyer for a specific purpose, including advances for fees, costs, and expenses, is held in trust and must be applied only to that purpose."); 5-1.1(c) ("This subchapter does not preclude the retention of money or other property on which the lawyer has a valid lien for services nor does it preclude the payment of agreed fees from the proceeds of transactions or collection."); 5-1.1(f)

(providing that trust fund property "belonging to the lawyer or law firm must be withdrawn within a reasonable time after it becomes due unless the right of the lawyer or law firm to receive it is disputed"); 5-1.2(e)(3) (allowing electronic wire transfers from a trust account for "money transferred to the lawyer for fees that are earned in connection with the representation and that are not in dispute").

Plaintiff's conclusory allegations that the complained-of transfers were "nonroutine" and inconsistent with supposed "generally accepted banking practices" also fail to support a reasonable inference that BANA had actual knowledge of wrongdoing. Like the allegations involved in *Lamm*, Plaintiff's allegations assert "at most" only that BANA "should have known" about Sherman's misappropriation of funds and breach of fiduciary duty. *See Lamm*, 749 F.3d at 950. These allegations fall short of demonstrating "actual knowledge" and are insufficient to trigger liability under Florida law. *See id.*

Because Plaintiff failed to allege facts sufficient to support a reasonable inference that BANA had "actual knowledge" of Sherman's wrongdoing, the district court concluded properly that Plaintiff's claim for aiding and abetting a breach of fiduciary duty was subject to dismissal.

Plaintiff's negligence claim fails for about the same reason. To state a claim for negligence, a plaintiff must allege facts demonstrating -- among other things -- that the defendant owed plaintiff a

duty of care. *See Fla. Dep't of Corr. v. Abril*, 969 So. 2d 201, 204 (Fla. 2007).

Generally speaking, "a bank does not owe a duty of care to a noncustomer with whom the bank has no direct relationship." *See Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017). A bank may, however, owe a duty to a noncustomer under these limited circumstances: "when a fiduciary relationship exists between the customer and the noncustomer, the bank knows or ought to know of the fiduciary relationship, and the bank has actual knowledge of its customer's misappropriation." *Id.* at 1094-95.

Here, Plaintiff failed to allege facts from which we can infer reasonably that BANA actually knew about Sherman's misappropriation of funds. As a result, Plaintiff cannot demonstrate that BANA owed Plaintiff (a noncustomer) a duty of care: an essential element of a negligence claim.

On appeal, Plaintiff relies chiefly on the Second Circuit's decision in *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273 (2d Cir. 2006), in support of its argument that it satisfied the "actual knowledge" element. Plaintiff's reliance on *Lerner* is misplaced. First, to the extent the out-of-circuit decision in *Lerner* is contrary to our decision in *Lamm*, our binding precedent in *Lamm* controls. We respect precedents from other Circuits, but we do not defer to them. In addition, the circumstances in *Lerner* -- in which the Second Circuit focused on allegations that the lawyer's fiduciary account was routinely overdrawn and the ABA Model Rules dealing with trust

8                          Opinion of the Court                    22-11383

account overdrafts -- are materially different from the circum-
stances involved in this case.  *See Lerner*, 459 F.3d at 294.

 AFFIRMED.